NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| RODERICK BACHMAN, et al., : | |
| : | Civ. No. 03-4897 (GEB) |
| Plaintiffs, : | |
| : | **MEMORANDUM OPINION** |
| v. : | |
| UNITED STATES OF AMERICA, et al., : | |
| Defendants. : | |

**BROWN, Chief Judge**

This matter comes before the Court upon the motion of defendants United States of America, Picatinny Arsenal Police Department, Chief Bruce Gough, Lt. Lawrence Van Pelt, Cpt. Alfred Boehm, John Woelfel and Richard Clawson (collectively, "Defendants") to dismiss plaintiffs Roderick Bachman and Lisa Bachman's Complaint. Defendants seek to dismiss the action for failure to state a claim upon which relief may be granted under Federal Rule of Civil Procedure 12(b)(6). This action was reassigned to the undersigned on October 19, 2006. The Court has read and considered all documents filed and submitted and has decided the motion based upon the parties' submissions and without oral argument, pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, Defendants' motion to dismiss is granted.[1]

**I. BACKGROUND**

This action was filed on October 16, 2003 by Roderick Bachman ("Plaintiff"), a civilian

---

[1] The Court notes that on November 29, 2006, United States Magistrate Judge Ronald J. Hedges entered a suggestion of death pursuant to Rule 25(a)(1) for Plaintiff Roderick Bachman. Rule 25(a)(1) requires that a motion for substitution be made by a party, successor or representative of the deceased party not later than 90 days after the death is suggested.

employee of the Department of the Army at the Picatinny Arsenal in Rockaway, New Jersey. Joining as co-plaintiff is his wife, Lisa Bachman. Compl., ¶ 15. The following facts are taken from Plaintiff's Complaint and are accepted as true for the purposes of this motion to dismiss. After September 11, 2001, Picatinny Arsenal requested volunteers to work at checkpoints throughout the Arsenal to inspect vehicles. Plaintiff volunteered as an inspector. Compl., ¶ 16. He alleges that on October 30, 2001, he was working at a checkpoint when a vehicle ran through the inspection line without stopping to be inspected. Compl., ¶ 20. Plaintiff informed his supervisors, Major Kevin Stoddard and Sgt. Major Bell, about the incident. Compl., ¶ 22.

He further alleges that on November 2, 2001, he was inspecting vehicles at a checkpoint at an entry to the Arsenal when he was approached at the checkpoint by defendants Chief Bruce Gough of the Picatinny Arsenal Police Department, Lt. Lawrence Van Pelt and Cpt. Alfred Boehm. Compl., ¶ 23. A verbal confrontation ensued regarding the October 30th checkpoint incident and Chief Gough ordered Plaintiff to leave the checkpoint. Compl., ¶¶ 24 -25. As Plaintiff was leaving, Defendant Van Pelt attempted to retrieve a flashlight from Plaintiff's vehicle and an altercation ensued. Compl., ¶¶ 28-30. Plaintiff alleges that Defendants Gough, Van Pelt and Boehm physically assaulted, arrested and detained Plaintiff. Compl., ¶¶ 28-30. Defendants Crone, Woelfel and Clawson did not directly participate in the assault, but were supervisors at the Picatinny Arsenal, and were responsible for hiring and supervising Defendants Gough, Van Pelt and Boehm. Compl., ¶ 31. During this altercation, Plaintiff was physically restrained and in the process of being handcuffed fell to the ground and sustained injury. Compl., ¶ 30. Plaintiff applied for federal workers compensation benefits pursuant to the Federal Employees Compensation Act ("FECA"), however, his request was denied by the Department of Labor on January 15, 2002.

Defendants initially filed a motion to dismiss pursuant to Rule 12(b)(1) in March, 2004. The claims against Defendant Crone were dismissed on October 27, 2004 for failure to properly serve him with the Complaint. The claims against Defendants Clawson, Woelfel and the PAPD were dismissed by the Court in response to Defendants' March 2004 motion to dismiss. The motion to dismiss Counts One, Two and Three was stayed pending a clarification from the Department of Labor regarding whether it denied Plaintiff's FECA application based on the merits or for lack of subject matter jurisdiction. On December 13, 2005, the Office of Worker's Compensation Programs ("OWCP") issued a clarification by way of a letter to the Plaintiff.

As the claims against Crone, Clawson, Woelfel and the PAPD were dismissed in 2004, the current motion to dismiss before this Court addresses the remaining claims which include Defendants' renewed motion to dismiss Plaintiff's FECA claim against the United States (Counts One, Two and Three); a motion to dismiss the § 1983 and Bivens claims against Defendants Gough, Van Pelt and Boehm (Counts Four and Five); and per quod claims (Count Six) against Defendants Gough, Van Pelt and Boehm.[2]

## II. DISCUSSION

### A. Standard for a Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) may be granted only if, accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief. Oran v. Stafford, 226 F.3d 275, 279 (3d

---

[2] The Court notes that in their brief Defendants suggest that this motion be considered, in the alternative, for summary judgment. However, the parties have failed to submit statements of undisputed facts as required by Fed. R. Civ. P. 56. Therefore, the Court will only address the Motion to Dismiss.

Cir. 2000); Langford v. City of Atlantic City, 235 F.3d 845, 850 (3d Cir. 2000); Bartholomew v. Fischl, 782 F.2d 1148, 1152 (3d Cir. 1986). The Court may not dismiss a complaint unless plaintiff can prove no set of facts that would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Angelastro v. Prudential-Bache Sec., Inc., 764 F.2d 939, 944 (3d Cir.), cert. denied, 474 U.S. 935 (1985). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Under Rule 12(b)(6), the Court must "accept the allegations in the complaint as true, and draw all reasonable factual inferences in favor of the plaintiff. [The motion can be granted] only if no relief could be granted under any set of facts that could be proved." Turbe v. Government of the Virgin Islands, 938 F.3d 427, 428 (3d Cir. 1991)(citing Unger v. Nat'l Residents Matching Program, 928 F.2d 1392, 1394-95 (3d Cir. 1991)); see also Langford, 235 F.3d at 850; Dykes v. Southeastern Pa. Transp. Auth., 68 F.3d 1564, 1565 n.1 (3d Cir. 1995), cert. denied, 517 U.S. 1142 (1996); Piecknick v. Commonwealth of Pennsylvania, 36 F.2d 1250, 1255 (3d Cir. 1994); Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994). A complaint may be dismissed for failure to state a claim where it appears beyond any doubt "that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)(citation omitted).

A complaint should not be dismissed unless it appears beyond doubt that "the facts alleged in the complaint, even if true, fail to support the . . . claim . . ." Ransom v. Marazzo, 848 F.2d 398, 401 (3d Cir. 1988). Legal conclusions made in the guise of factual allegations, however, are given no presumption of truthfulness. Papasan v. Allain, 478 U.S. 265, 286 (1986)(citation omitted); see also Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997)(stating that "a court need

not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss.")(citations omitted).

### B. Federal Tort Claim Act (Counts One, Two and Three)

Plaintiff asserts claims against the United States for intentional torts and negligent supervision pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671. Defendant United States contends that Plaintiff is barred from asserting claims pursuant to the FTCA because FECA, 5 U.S.C. § 8102, provides the exclusive remedy to federal employees who are injured on the job. FECA allows federal employees to be compensated for disability or death "resulting from personal injury sustained while in the performance of his duty, unless the injury or death is (1) caused by willful misconduct of the employee . . . " 5 U.S.C. § 8102.  The Secretary of Labor is charged with making decisions as to whether a federal employee is entitled to compensation and the amount of such compensation.  The Secretary of Labor's decision is final and "not subject to review by another official of the United States or by a court by mandamus or otherwise."  5 U.S.C. § 8128.

FECA is the exclusive remedy for injuries that fall within its coverage.  Heilman v. United States, 731 F.2d 1104, 1109 (3d Cir. 1984); 5 U.S.C. § 8116(c) ("The liability of the United States or an instrumentality thereof under this subchapter or any extension thereof with respect to the injury or death of an employee is exclusive and instead of all other liability of the United States . . ."). If the Secretary of Labor finds that an injury is covered by FECA, the federal courts do not have subject matter jurisdiction over the action. Heilman, 731 F.2d at 1109.  However, if the Secretary of Labor "determines that the injury did not occur in the performance of a duty, FECA does not preempt court action and the employee may proceed under the FTCA." Tarver v. United States, 25 F.3d 900, 903 (10th Cir. 1994).  The Secretary of Labor "has delegated the authority and responsibility for

administering FECA to the Director of the OWCP." 20 C.F.R. § 10.1.

In response to Defendants' first motion to dismiss, the Court remanded the issue whether the OWCP denied Plaintiff's claim based on lack of jurisdiction or on the merits to the Secretary of Labor.  See Opinion of October 28, 2004, at 8.  The OWCP's initial Notice of Decision issued in 2002 concluded that Mr. Bachman's "willful misconduct removed [him] from the performance of duty and any duty status acquired by [his] resistance and disorderly conduct" and denied the claim "on the basis that the evidence of record does not establish that [Mr. Bachman] sustained an injury while in the performance of a duty."  Because this finding was unclear as to whether the claim was denied based on subject matter jurisdiction or on the merits, the Court remanded to the Secretary of Labor for clarification.

In response to the Court's request for clarification, the OWCP issued a letter to Plaintiff stating that:

> Based on the foregoing analysis, you would have been in the performance of duty at the time of your November 2, 2001 injury because the injury occurred in the course of employment (the injury occurred at a time, place, and under circumstances of your employment) and because the injury arose out of your employment (your presence on the inspection line, and your interaction with chief Gough and the other officers of the Picatinny Arsenal Police Department, was a specially assigned duty of your regular civilian employment).  However, your own actions in the altercation, including your attempt to prevent Lt. Van Pelt from retrieving the flashlight from the back seat of your car, and your resistance to the efforts of Chief Gough and Captain Boehm to restrain you, constituted willful misconduct.  For this reason, although you were in the performance of your duty during your discussion with Chief Gough at the beginning of the incident, you are not entitled to compensation benefits under the FECA because any injuries you sustained during your detention by Chief Gough and Captain Boehm were caused by your willful misconduct.

> Based on an evaluation of the merits of your claim, your claim is hereby denied on the ground that your injury was caused by your willful misconduct at the time of the November 2, 2001 incident.

See Declaration of James B. Clark III, Exhibit A.

The OWCP's letter clarified that the decision was made on the merits of Plaintiff's claim and his claim was not excluded from FECA due to a lack of subject matter jurisdiction. The language of the OWCP's recent letter is clear. Plaintiff was in the performance of a duty when the injury occurred and the incident arose out of the performance of a duty. However, Plaintiff's willful misconduct prevents receipt of workers compensation benefits. Because FECA is the exclusive remedy for federal employees, Plaintiff is barred from filing a claim pursuant to the FTCA. Therefore, the motion to dismiss Counts One, Two and Three against the United States is granted.

### C. *Bivens* and 42 U.S.C. § 1983 (Counts Four and Five)

#### i. *Bivens* Claims

Plaintiff alleges that Defendants Gough, Van Pelt and Boehm violated his Fourth Amendment rights pursuant to Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971). "A Bivens action, which is the federal equivalent of the § 1983 cause of action against state actors, will lie where the defendant has violated the plaintiff's rights under color of federal law." Brown v. Philip Morris Inc., 250 F.3d 789, 800 (3d Cir. 2001). Defendants contend that the relevant facts supporting the Bivens claim have already been determined against Plaintiff in the decision issued by the OWCP. Thus, Plaintiff's Bivens claim is barred by issue preclusion.

In considering issue preclusion, or collateral estoppel, the focus is efficiency. Bradley v. Pittsburgh Bd. Of Educ., 913 F.2d 1064, 1070-74 (3d Cir. 1990)(claim preclusion did not bar plaintiff's claim, but issue preclusion did); Blonder-Tongue Laboratories, Inc. v. University of

Illinois Foundation, 402 U.S. 313, 328-29 (1971).  Its purpose is to prevent the relitigation of issues previously resolved, thereby promoting judicial economy.  The doctrine of issue preclusion requires a "discretionary weighing of economy against fairness."  Kortenhaus v. Eli Lilly & Co., 228 N.J. Super 162, 165 (App. Div. 1988).

In diversity actions, District Courts must apply the law of the forum state when deciding issues involving collateral estoppel.  NN&R, Inc. V. One Beacon Ins. Group, 2006 U.S. Dist. LEXIS 70833, *14 (D.N.J. 2006) (citing Hartmann v. Time, Inc., 166 F.2d 127, 137-38 (3d Cir. 1947)).  Therefore, this Court will look to New Jersey law when deciding whether to give preclusive effect to Plaintiff's federal Bivens claim.  According to New Jersey law, determinations by administrative agencies may be entitled to preclusive effect "if they meet the generally-accepted standards for issue preclusion and are rendered in proceedings that merit such deference."  NN&R, Inc., 2006 U.S. Dist. LEXIS 70833 at *14 (citing Olivieri v. Y.M.F. Carpet, Inc., 186 N.J. 511, 522 (2006)).  Among the generally-accepted standards to be considered before issue preclusion can be invoked are whether: (1) the issue to be precluded is identical to the issue decided in the prior proceeding; (2) the issue was actually litigated in the prior proceeding; (3) the court or agency in the prior proceeding issued a final judgment on the merits; (4) the determination of the issue was essential to the prior judgment; and (5) the party against whom the doctrine is asserted was a party to or in privity with a party to the earlier proceeding."   NN&R, Inc., 2006 U.S. Dist. LEXIS 70833 at *14-15 (citing In re Estate of Dawson, 136 N.J. 1, 20-21 (1994); Hennessey v. Winslow Twp., 183 N.J. 593, 599 (2005)); see also Glictronix Corp. v. American Tel. & Tel. Co., 603 F.Supp. 552, 565 (D.N.J. 1984).

New Jersey also requires that the agency be of the type that "merits such deference" and the decision must have been rendered in a quasi-judicial proceeding in order to merit preclusive effect.

Oliveri, 186 N.J. at 522, 524 (New Jersey courts will not give preclusive effect to the informal, unrecorded hearings of the Unemployment Compensation Board); Sacharow v. Sacharow, 177 N.J. 62, 77 (2003) (New Jersey courts will not give preclusive effect to the non-adjudicative decisions of the Address Confidentiality Program). New Jersey will not apply collateral estoppel to the decisions of its agencies that have "none of the hallmarks of quasi-judicial adjudication - notice, hearing, and the exercise of judgment on the merits." Sacharow, 177 N.J. at 77.

In this case, Plaintiff filed a form CA-1 (Notice of Traumatic Injury) claiming that he sustained injury related to his federal employment and was entitled to compensation benefits. Pl.'s Exh. E. Section 8102(a)(1) of FECA provides for the payment of disability of an employee resulting from personal injury sustained within the performance of his or her duty, unless the injury is caused by willful misconduct of the employee. Pl.'s Exh. E. The OWCP was charged specifically with determining whether Plaintiff's injuries were caused by his own misconduct, or if the Defendants were the source of his injury. After an evaluation of the evidence, the OWCP determined that Plaintiff's injuries were caused by his own willful misconduct. Regarding his Bivens claim, Plaintiff cannot establish that his constitutional rights have been violated if his injuries were already determined to be caused by his own actions. Therefore, the issue of who was responsible for this injury has already been determined by the OWCP after an evaluation of the record.

Next, there must have been actual adjudication of this issue in order for preclusion. The OWCP collected evidence from all parties, including twenty-three statements from the Plaintiff, Defendants and witnesses to the incident. See Declaration of James B. Clark III, Exhibit A. The OWCP considered these statements, as well as any evidence provided by the parties or the employing agency (i.e. medical records, eye-witness accounts). Plaintiff was entitled to appeal the OWCP's

9

decision and request a hearing, although he chose not exercise these options. The OWCP considered this case twice - initially in January 2002, and a second review to provide clarification after the Court's prior opinion in October 2004. The adjudication, as clarified by the OWCP's second decision, was on the merits after evaluation of the facts surrounding the incident. The Court finds that these proceedings were quasi-judicial in nature, and thus satisfy the actual litigation factor and constitute a judgment on the merits.

      The final two requirements for issue preclusion, that the determination of the issue was essential to the prior judgment and that the party against whom the doctrine is asserted was a party to or in privity with a party to the earlier proceeding have also been satisfied in this case. Whether the Defendants caused physical harm to Plaintiff or whether Plaintiff's own actions were the source of the injuries was essential to the OWCP's determination. According to the OWCP's regulations, if Plaintiff's willful misconduct was the source of the injury, he would not be entitled to compensation benefits. This same issue is essential to Plaintiff's <u>Bivens</u> claim - if the Defendants were not responsible for the injuries or the detention, his constitutional rights could not have been violated by these parties. Further, it was Plaintiff who filed the request for benefits and Plaintiff and Defendants who provided statements regarding the incident. Plaintiff had an opportunity to furnish evidence regarding the incident, including his assertion that Van Pelt and Gough improperly restrained him or used improper force to do so. Pl.'s Exh. E. Both Plaintiff and Defendants were participants in this phase of the collection of evidence. Thus, the final factors for issue preclusion are satisfied.

      Based on the administrative agency's thorough review of this issue on the merits, and Plaintiff's opportunity to submit evidence to support his claims, the issue of whether Defendants

were responsible for Plaintiff's injuries is precluded. Therefore, the motion to dismiss the Bivens claims (Count Five) is granted.

### ii. 42 U.S.C. § 1983 Claims

Civil liability may be imposed under 42 U.S.C. § 1983 upon "any person who, acting under the color of state law, deprives another of any rights, privileges, or immunities secured by the Constitution or the laws of the United States." Gruenke v. Seip, 225 F.3d 290, 298 (3d Cir. 2000). Section 1983 does not create any new rights, but "instead provides a remedy for "the violation of a federal constitutional or statutory right." Id. (citing Baker v. McCollan, 443 U.S. 137, 144, n.3 (1979)). To establish a federal claim under § 1983, plaintiff must show that the conduct of the defendants, under color of state law, deprived him of a federal constitutional or statutory right. See Gruenke, 225 F.3d at 298.

The "under color of state law" requirement is identical to the "state action" requirement of the fourteenth amendment. Lugar v. Edmondson Oil Co. Inc, 457 U.S. 922, 928 (1982); Krynicky v. University of Pittsburgh, 742 F.2d 94, 97 (3d Cir. 1984). A showing that actions were "under color of state law," like a showing of the presence of "state action," does not require that the challenged action be pursuant to a state statute. Johnson v. Orr, 780 F.2d 386, 390 (3d Cir. 1986). The actual inquiry is "whether there is a sufficiently close nexus between the State and the challenged action," Jackson v. Metropolitan Edison Co., 419 U.S. 345, 351 (1974), or whether the state "has so far insinuated itself into a position of interdependence" that there is a "symbiotic relationship" between the actor and the state such that the challenged action can "fairly be attributed to the state," Johnson, 780 F.2d at 390 (citing Krynicky, 742 F.2d at 99).

Plaintiff asserts a § 1983 claim against Defendants Gough, Van Pelt and Boehm. In order

for these Individual Defendants to be liable under § 1983, Plaintiff must establish that the Defendants were acting "under color of state law" when they deprived the Plaintiff of a constitutional or statutory right. Defendants claim that the actions taken by the Defendants were in response to Plaintiff's resistance to the police officers and "an attempt to prevent a conversion of property contrary to state law." The Defendants were federal employees working for a federal agency on federal property enforcing federal law. Even viewing the factual allegations in this case as true, Plaintiff has failed to state a claim that the Defendants were acting under color of state law. As set forth above, while a violation of a state statute is not necessary to find that a defendant was acting under color of state law, a nexus between the state and the challenged action must be established. Accordingly, the § 1983 claims (Count Four) against Defendants Gough, Van Pelt and Boehm are dismissed.

### D. Per Quod Claims (Count Six)

Regarding per quod claims, "[o]ur courts have characterized [per quod claims] as a derivative claim, not a separate cause of action." Landano v. Hudson Cty., 2006 U.S. Dist. LEXIS 30644, *19 (D.N.J. 2006)(quoting Weir v. Market Transition Facility of N.J., 318 N.J. Super. 436, 444 (App. Div. 1999)). Per quod claims are "only maintainable by reason of a spouse's injury." Id. In the Court's prior opinion, Plaintiff Lisa Bachman's per quod claims against the United States, Woelfel, Clawson and the PAPD were dismissed. Because this Court has now dismissed Plaintiff's remaining claims against Defendants Gough, Van Pelt and Boehm, as derivative claims, the per quod claims against these Defendants are also dismissed. Therefore, the motion to dismiss the per quod claims against Defendants Gough, Van Pelt and Boehm is granted.

## III. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss granted. An appropriate form of order accompanies this Memorandum Opinion.

Dated: December 19, 2006

                                                        s/ Garrett E. Brown, Jr.
                                                      GARRETT E. BROWN, JR., U.S.D.J.